1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  AMBROSIA L. TAPIA,                    )    Case No. ED CV-13-507-SP
                                          )
12               Plaintiff,               )
                                          )
13          v.                            )    MEMORANDUM OPINION AND
                                          )    ORDER
14                                        )
    CAROLYN W. COLVIN,                    )
15  Acting Commissioner of Social Security )
    Administration,                       )
16                                        )
                 Defendant.               )
17                                        )
                                          )
18 ┕━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━)

19                           **I.**

20                      **INTRODUCTION**

21          On March 25, 2013, plaintiff Ambrosia L. Tapia filed a complaint against

22  defendant, the Commissioner of the Social Security Administration

23  ("Commissioner"), seeking a review of a denial of Supplemental Security Income

24  ("SSI") benefits.  Both plaintiff and defendant have consented to proceed for all

25  purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

26  The court deems the matter suitable for adjudication without oral argument.

27          Plaintiff presents one issue for decision:  whether the Administrative Law

28

                           1

1  Judge ("ALJ") obtained proper testimony from the vocational expert ("VE") at

2  step five.  Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-6;

3  Memorandum in Support of Defendant's Answer ("D. Mem.") at 1.

4       Having carefully studied, inter alia, the parties's moving papers, the

5  Administrative Record ("AR"), and the decision of the ALJ, the court concludes

6  that, as detailed herein, the ALJ erred at step five but the error was harmless.

7  Consequently, this court affirms the decision of the Commissioner denying

8  benefits.

9  **II.**

10  **FACTUAL AND PROCEDURAL BACKGROUND**

11       Plaintiff, who was twenty-eight years old on her SSI application date, has a

12  seventh-grade education.  AR at 109, 128.  Plaintiff has no past relevant work.  *Id.*

13  at 37, 127.

14       On March 9, 2010, plaintiff filed an application for SSI, alleging an onset

15  date of June 1, 1996, due to psychosis, schizophrenia, bipolar disorder, and manic

16  disorder.  *Id.* at 109, 122, 127.  The Commissioner denied plaintiff's application

17  initially and upon reconsideration, after which she filed a request for a hearing.  *Id.*

18  at 44-47, 51-55, 57.

19       On September 28, 2011, plaintiff, represented by counsel, appeared and

20  testified at a hearing before the ALJ.  *Id.* at 30-38.  The ALJ also heard testimony

21  from Kelly Winn-Boaitey, a vocational expert.  *Id.* at 37-38.  On November 25,

22  2011, the ALJ denied plaintiff's claim for benefits.  *Id.* at 16-25.

23       Applying the well-known five-step sequential evaluation process, the ALJ

24  found, at step one, that plaintiff had not engaged in substantial gainful activity

25  since March 9, 2010, the application date.  *Id.* at 18.

26       At step two, the ALJ found that plaintiff suffered from the following severe

27  impairments:  a mood disorder, not otherwise specified; a psychotic disorder, not

28

2

1  otherwise specified; amphetamine dependence (in reported remission); and

2  possible mild mental retardation.  *Id.*

3       At step three, the ALJ found that plaintiff's impairments, whether

4  individually or in combination, did not meet or medically equal one of the listed

5  impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the

6  "Listings").  *Id.* at 19.

7       The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and

8  determined that she had the RFC to perform a full range of work at all exertional

9  levels but limited to simple repetitive tasks.  *Id.* at 20-21.

10      The ALJ found, at step four, that plaintiff had no past relevant work.  *Id.* at

11  24.

12      At step five, the ALJ found that there were jobs that existed in significant

13  numbers in the national economy that plaintiff could perform.  *Id.* at 24-25.

14  Consequently, the ALJ concluded that plaintiff did not suffer from a disability as

15  defined by the Social Security Act ("SSA").  *Id.* at 25.

16      Plaintiff filed a timely request for review of the ALJ's decision, which was

17  denied by the Appeals Council.  *Id.* at 1-3.  The ALJ's decision stands as the final

18  decision of the Commissioner.

19                                **III.**

20                        **STANDARD OF REVIEW**

21      This court is empowered to review decisions by the Commissioner to deny

22  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

23

24
---

[1]   Residual functional capacity is what a claimant can do despite existing

25  exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152,

26  1155-56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step

27  evaluation, the ALJ must proceed to an intermediate step in which the ALJ
    assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486

28  F.3d 1149, 1151 n.2 (9th Cir. 2007).

1   Administration must be upheld if they are free of legal error and supported by

2   substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

3   (as amended).  But if the court determines that the ALJ's findings are based on

4   legal error or are not supported by substantial evidence in the record, the court

5   may reject the findings and set aside the decision to deny benefits.  *Aukland v.*

6   *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

7   1144, 1147 (9th Cir. 2001).

8       "Substantial evidence is more than a mere scintilla, but less than a

9   preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

10  "relevant evidence which a reasonable person might accept as adequate to support

11  a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

12  F.3d at 459.  To determine whether substantial evidence supports the ALJ's

13  finding, the reviewing court must review the administrative record as a whole,

14  "weighing both the evidence that supports and the evidence that detracts from the

15  ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

16  affirmed simply by isolating a specific quantum of supporting evidence.'"

17  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

18  Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

19  the ALJ's decision, the reviewing court "'may not substitute its judgment for that

20  of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

21  1992)).

22                              **IV.**

23                          **DISCUSSION**

24      Plaintiff argues that the ALJ erred when he failed to obtain proper testimony

25  from the vocational expert.  P. Mem. at 2.  Specifically, plaintiff contends that the

26  vocational expert was required but failed to identify specific examples of jobs she

27  could perform and the number of such jobs available.  *Id.* at 4.  Without the

28

                              4

1   identification of specific jobs and numbers, the vocational expert's testimony did

2   not constitute substantial evidence and the ALJ failed to meet his burden at step

3   five. *Id.* at 4-5.  The court agrees, but the error was harmless.

4        At step five, the burden shifts to the Commissioner to show that the

5   claimant retains the ability to perform other gainful activity. *Lounsburry v.*

6   *Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

7   claimant is not disabled at step five, the Commissioner must provide evidence

8   demonstrating that other work exists in significant numbers in the national

9   economy that the claimant can perform, given his or her age, education, work

10  experience, and RFC.  20 C.F.R. § 416.912(f).

11       The Commissioner may meet her step five burden either by reference to the

12  Medical-Vocational Guidelines at 20 C.F.R. part 404, Subpart P, Appendix 2 (the

13  "Grids") or by relying on the testimony of a vocational expert and the Dictionary

14  of Occupational Titles ("DOT") "in evaluating whether the claimant is able to

15  perform other work in the national economy. *Terry v. Sullivan*, 903 F.2d 1273,

16  1276 (9th Cir. 1990) (citations omitted); *see Osenbrock v. Apfel*, 240 F.3d 1157,

17  1162 (9th Cir. 2001); Social Security Ruling ("SSR") 83-12;[2] *see also* 20 C.F.R.

18  § 416.966(d)(1) (DOT is a source of reliable job information).  The DOT is the

19  rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60

20  F.3d 1428, 1435 (9th Cir. 1995).

21       Here, the ALJ determined that plaintiff had the RFC to perform the full

22  range of work at all exertional levels but limited to simple, repetitive tasks.  AR at

23

24       [2]  "The Commissioner issues Social Security Rulings to clarify the Act's
    implementing regulations and the agency's policies.  SSRs are binding on all
25  components of the SSA.  SSRs do not have the force of law.  However, because
    they represent the Commissioner's interpretation of the agency's regulations, we
26  give them some deference.  We will not defer to SSRs if they are inconsistent with
27  the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th
28  Cir. 2001) (internal citations omitted).

20-21.  In response to the ALJ's hypothetical at the hearing, which reflected this RFC, the VE replied that there would be "numerous jobs at all physical levels," but did not identify any specific jobs as examples.  *Id.* at 37.  In the decision denying benefits, the ALJ stated that he relied on the testimony of the VE because plaintiff had a non-exertional limitation.  *Id.* at 24.  The ALJ also noted, however, that the VE's testimony corroborated the "not disabled" finding under Section 204.00 of the Grids.  *Id.* at 24-25.

Plaintiff contends that the VE testimony did not constitute substantial evidence because the VE failed to identify any specific jobs she could perform and the number of such jobs that existed regionally and nationally.  P. Mem. at 3-6.  Plaintiff's argument rests on SSR 83-14, which requires a vocational expert to cite examples of jobs a person can perform and provide the numbers of such jobs regionally and nationally.  P. Mem. at 4.  The stated purpose of SSR 83-14, however, is to "provide a framework for decisions concerning persons who have both a severe exertional impairment and a nonexertional limitation or restriction."  SSR 83-14.  Because plaintiff had no exertional impairments, SSR 83-14, on its face, was inapplicable.  But although defendant correctly maintains that SSR 83-14 was inapplicable, the Ninth Circuit has nevertheless found that "[w]here the testimony of a VE is used at Step Five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy."  *Osenbrock*, 240 F.3d at 1162-1163.  Thus, the ALJ erred when he failed to obtain specific examples of jobs and the numbers of those jobs that existed from the VE.

As plaintiff tacitly recognizes, however, VE testimony is not required when the non-exertional limitations do not significantly erode the number of jobs available.  The ALJ must take the testimony of a VE where the claimant suffers from non-exertional limitations that "significantly limit the range of work

1    permitted by his exertional limitations." *Tackett*, *v. Apfel*, 180 F.3d 1094, 1102

2    (9th Cir. 1999) (quoting *Desrosiers v. Sec'y*, 846 F.2d 573, 577 (9th Cir. 1988)).

3    But "the fact that a non-exertional limitation is alleged does not automatically

4    preclude application of the grids." *Desrosiers*, 846 at 577.  For instance, VE

5    testimony is not required when a non-exertional limitation is mild or moderate.

6    *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007).  In such case, an ALJ may

7    rely on the Grids to make his or her disability determination.

8         The question then is whether the limitation to simple, repetitive tasks

9    significantly limits plaintiff's range of work.  Although the Ninth Circuit has not

10   directly addressed this issue, its district courts have consistently held that the

11   limitation to simple, repetitive tasks does not significantly erode the unskilled

12   occupational base, and thus VE testimony is not required.  *See, e.g., Clark v.*

13   *Astrue*, No. 10-2863, 2012 WL 423635, at *10 (E.D. Cal. Feb. 8, 2012) (plaintiff's

14   moderate non-exertional limitations, including limitation to simple work was "not

15   sufficiently severe to warrant departure from the grids"); *Lopez v. Astrue*, No. 09-

16   3483, 2011 WL 3206958, at *8 (N.D. Cal. Jul. 27, 2011) ("[A]n RFC restriction to

17   'simple, repetitive tasks' does not necessarily give rise to a requirement for

18   vocational expert testimony at step five."); *McLain v. Astrue*, No. 10-1108, 2011

19   WL 2174895, at *3 (C.D. Cal. June 3, 2011) ("[W]here a claimant is limited to

20   simple, repetitive tasks, but otherwise retains the ability to perform a full range of

21   work at all exertional levels, the grids accurately and completely describe the

22   claimant's particular impairments."); *Sam v. Astrue*, No. 09-971, 2010 WL

23   4967718, at *11 (E.D. Cal. Dec. 1, 2010) (finding that the ALJ logically

24   concluded that the limitation to simple, repetitive tasks had little effect on the

25   occupational base of unskilled work at all exertional levels).

26        The ALJ stated that his conclusion was based on the testimony of the VE,

27   but he also specifically noted that the VE's testimony corroborated section 204.00

28

7

1  of the Grids.  AR at 24-25.  Indeed, he ultimately concluded: "A finding of 'not

2  disabled' is therefore appropriate under the framework of section 204.00 in the

3  Medical-Vocational Guidelines."  AR at 25.  Thus, any error in not obtaining

4  specific job examples from the VE was harmless because the ALJ also properly

5  relied on the Grids in reaching his non-disability determination.

6       Accordingly, the ALJ's error at step five does not warrant relief.

7                              **V.**

8                          **CONCLUSION**

9       IT IS THEREFORE ORDERED that Judgment shall be entered

10  AFFIRMING the decision of the Commissioner denying benefits, and dismissing

11  the complaint with prejudice.

12

13  DATED:  February 4, 2014

14                                          _____

15                                          SHERI PYM
                                            United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28